RECEIVED
IN LAKE CHARLES, LA.
NOV 14 2013
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NOS. 2:11 CR 00061-001 |
| VERSUS | * | JUDGE MINALDI |
| WARRICK DWAYNE CASTILLE | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion to Vacate, Set Aside or Correct (Rec. Doc. 51) his Sentence Pursuant to 28 U.S.C. §2255. The Government has filed an Opposition (Rec. Doc. 61). No Reply was filed.

## PROCEDURAL HISTORY

The defendant, Warrick Dwayne Castille ("Castille") was indicted with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 1) and one count of using, carrying and possessing a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). The defendant entered a guilty plea to Count 1 and the government moved to dismiss Count 2 (Doc. 39, p. 14).

Using the Career Offender guideline, U.S.S.G. § 4B1.1, the district court determined the defendant's offense level to be 31 with a criminal history category of VI yielding an imprisonment range of 188 to 235 months imprisonment (SOR). The court rejected the defendant's argument that the court should reduce his offense level by two because the air gun he used in the robbery was a "dangerous weapon" and was not a "firearm".

1

The government opposed the defendant's objections to the PSR and urged the court to sentence defendant "at or near the high end of the advisory range of 188 to 235 months as calculated in the PSR" using the Career Offender guideline – U.S.S.G. § 4B1.1 (United States' Sentencing Memorandum under Seal). After overruling the defendant's objections and considering the § 3553(a) factors and the sentencing guidelines, this court imposed a sentence of 235 months.

The defendant appealed his sentence asserting that the district court should have considered the fact that he used a dangerous weapon rather than a firearm when weighing the §3553(a) factors. The Fifth Circuit rejected the defendant's contention finding instead that the defendant had failed to demonstrate that his guidelines sentence did not account for a factor that should have received significant weight and also failed to overcome the presumption that his within guidelines sentence was reasonable.[1]

Law

"'Relief under 28 U.S.C.§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[2]

Collateral review is fundamentally different from a direct appeal.[3] In this motion, Castille argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d

---

[1] The court's unpublished decision was filed July 3, 2012 under docket number 11-31085.

[2] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[3] *United States v. Frady*, 102 S.Ct. 1592-93 (1982).

674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[4] The burden that *Strickland* imposes on a defendant is severe.[5]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[6] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[7]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[8] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

---

[4] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[5] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[6] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[7] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[8] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

sufficient to undermine such confidence in the outcome.[9]

Castille alleges that he was denied his Sixth Amendment right to effective counsel during sentencing and on appeal. Castille alleges that his counsel's failure to challenge the testimony of Ms. Janet Bergeron and to introduce further evidence in support of his argument concerning the nature and circumstances of the crime deprived him of effective assistance of counsel.

Ms. Bergeron testified at sentencing before the district judge and not before a jury. The undersigned was fully aware that the weapon used during the robbery was an "airsoft pistol." The court considered the defendant's argument that his offense level should be reduced by two because the weapon was not a firearm, but was instead a "dangerous weapon." However the court agreed with the government that because the defendant was being sentenced under the Career Offender guideline, the only reduction in offense level permitted under that guideline is for acceptance of responsibility and no other. See U.S.S.G. § 4B1.1(b).

Castille argues that his counsel was ineffective for not challenging Ms Bergeron at sentencing. Castille has the burden of negating the presumption that, under the circumstances, the decision not to cross-examine or call a witness at sentencing constituted sound trial strategy.[10] In the case at bar, defense counsel made a strategic decision not to challenge the witness's testimony as she was under stress during the testimony. The government asserts that further pressure on her regarding any possible discrepancy in her testimony or challenging the level of her fear during the robbery would not likely have benefitted the defendant. The defendant has failed to establish any error of counsel and has failed to establish any prejudice resulting from counsel's failure to press this

---

[9] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[10] *Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

4

witness at sentencing.

Castille also argues that his counsel should have introduced testimony concerning the nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(A). The issue was addressed on defendant's direct appeal as a §3553 factor to which the district court did not give sufficient weight. The Fifth Circuit rejected this argument on the defendant's direct appeal noting:

> The district court expressly considered Castille's argument and determined that the maximum guidelines sentence was appropriate. The court explicitly found that other aspects of the offense were more important than the use of an airsoft gun, including the danger created by the mere perception that the gun was real and the trauma to those in the bank. (Doc. 46, p. 3).

Because the issue of whether an additional offense level reduction was possible under §4B1.1 was raised obliquely on appeal and disposed of on appeal, the defendant is precluded from reasserting this issue in a §2255 motion.

Castille then supplemented his §2255[11] to assert a Second Ground. Castille alleges that he was sentenced as a career offender in violation of the Sixth Amendment. He alleges that he was not charged as a career offender and that this evidence was not presented to a jury pursuant to *Alleyne v. United States*, 2013 WL 2922116 (June, 2013).

*Alleyne* applies only to statutory mandatory minimum sentences and requires that the mandatory minimum sentence be submitted to a jury for a finding on that element. *Alleyne* does not apply to the sentencing guidelines. The offense for which the defendant was convicted contains no mandatory minimum sentence, therefore *Alleyne* is inapplicable and this issue should be rejected. See *United States v. Neuner*, ___ Fed. Appx. ___, 2013WL3456747 (5th Cir. 2013).

Castille must establish that the alleged deficient performance by his counsel prejudiced his

---

[11] Rec. Doc. 59.

defense.[12] He has not succeeded in making this showing.[13]  Accordingly, for the reasons stated herein, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this 28 day of October, 2013.

*signature*

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[12]   *Mullins*, 315 F.3d at 456.

[13]   *U.S. v. Araujo*, 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).