RECEIVED
IN LAKE CHARLES, LA
JUN 0 9 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 cr 00061-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| WARRICK CASTILLE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a successive §2255 Motion (Rec. Doc. 64) by the defendant, Warrick Castille ("Castille"). The Government filed a Response (Rec. Doc. 69) asking for dismissal as successive or transfer to the Fifth Circuit.

The Government summarized the procedural history in the Response and it will not be repeated here.

Castille argues that he is entitled to file this motion pursuant to *United States v. Johnson. Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Supreme Court's decision in *Johnson v. U.S.*, that term "physical force" in the Armed Career Criminal Act (ACCA) meant violent force capable of causing physical pain or injury to another person, did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *In re Jackson,* 776 F.3d 292 (5th Cir. 2015).

The Fifth Circuit may authorize the filing of a second or successive § 2255 motion if the movant makes a prima facie showing that his claims rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." 28 U.S.C. § 2255(h)(2); *see also* 28 U.S.C. § 2244(b)(3)(C). When a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding." *In re Smith*, 142 F.3d 832, 835 (5th Cir.1998) (citation and internal quotation marks omitted); *see also In re Tatum*, 233 F.3d 857, 859 (5th Cir.2000) (per curiam) (applying the same rule to deny authorization for filing a second or successive § 2255 motion); *cf. also Tyler v. Cain,* 533 U.S. 656, 662–63, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (considering identical language in § 2244(b)(2)(A) for filing successive state habeas petitions under § 2254, holding that only the Supreme Court can make a new rule retroactive under § 2244(b)(2)(A)). *In re Jackson*, 776 F.3d 292, 293 94 (5th Cir. 2015).

Accordingly, this matter will be dismissed without prejudice so the Fifth Circuit can determine whether Castille can file this successive §2255.

Lake Charles, Louisiana, this __7__ day of June, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE